## Case No. 12,611.

### SEDGWICK v. FRIDENBERG.

[11 Blatchf. 77.] [1]

Circuit Court, S. D. New York. April 12, 1873.

BANKRUPTCY—APPEAL—WHEN TO BE BROUGHT.

1. Unless the appeal provided for in the eighth section of the bankruptcy act of March 2d, 1867, (14 Stat. 520,) be taken within ten days after the decree is entered, this court acquires no jurisdiction thereby.

[Cited in Fellows v. Burnap. Case No. 4,721; Judson v. Courier Co., 25 Fed. 709.]

2. The provision of the second section of the act of June 1st, 1872, (17 Stat. 196,) that "no judgment, decree, or order of a district court, rendered after this act shall take effect, shall be reviewed by a circuit court of the United States, upon like process or appeal, unless the process be sued out, or the appeal be taken. within one year after the entry of the judgment; decree, or order sought to be reviewed." has not changed the provision of the said eighth section of the act of 1867, in that particular.

In equity. This suit was brought, in the district court, by the plaintiff [John Sedgwick], a citizen of New York, as assignee in bankruptcy of Abraham Valk and James S. Valk, who were adjudged bankrupts by said court, against the defendant [Henry Fridenberg], a citizen of New York, to set aside a transfer of property, made by the bankrupts to the defendant, as being void under the provisions of the thirty-fifth section of the bankruptcy act of March 2d, 1867, (14 Stat. 534,) the defendant claiming an adverse interest to the plaintiff touching said property. After a final hearing, on pleadings and proofs, the district court, on the 5th of October, 1872. made an interlocutory decree, declaring that such transfer was made in fraud of said act, and was void. as to

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

the plaintiff, and directing that the defendant account, before a master, for the value of such property. [Case unreported.] The master took the account, and made his report, and, on the 21st of December, 1872, the district court made a decree thereon, that the plaintiff recover from the defendant $14,793 37, and that the defendant execute certain conveyances to the plaintiff, and that the plaintiff recover his costs in the suit, to be taxed. The defendant claimed no appeal from such decree, within ten days after the entry of such decree in the district court; nor did he, within that time, give notice of any appeal therefrom to the clerk of said court, or to the plaintiff. On the 3d of January, 1873, the plaintiff, on notice to the defendant, had his costs taxed; and the bill, as taxed, was filed on that day in the office of the clerk of the district court. On the 20th of January, 1873, the defendant filed, in the district court, a notice stating that he appealed from the decrees in the suit, to this court. On the same day he filed, in the district court, a petition of appeal, signed by his solicitors, addressed to this court, reciting the proceedings in the court up to and including the decree of December 21st, 1872, and praying for the reversal of that decree. On the same day, the defendant filed, in the district court, a bond, executed by himself and two sureties, to the plaintiff, in the penalty of $30,-000, dated that day, reciting the appeal, and conditioned that the defendant should prosecute such appeal to effect, and answer all damages and costs, if he should fail to make it good. On the next day the bond was approved by the district judge as to its form and amount, and the sufficiency of the sureties, and a copy of the notice of appeal, and of the petition of appeal, were, on that day, served on the plaintiff's solicitors, and were, on the next day after that, returned by them to the defendant's solicitors, with a notice objecting to the service thereof, as too late, and refusing to receive the same, for that reason. The plaintiff now moved to dismiss the appeal. The defendant claimed, that, under the second section of the act of June 1st, 1872, (17 Stat. 196,) which provides, that "no judgment, decree, or order of a district court, rendered after this act shall take effect, shall be reviewed by a circuit court of the United States, upon like process or appeal, unless the process be sued out, or the appeal be taken, within one year after the entry of the judgment, decree, or order sought to be reviewed," the appeal was taken in time.

Charles W. Bangs, for plaintiff.
Beebe, Donohue & Cooke, for defendant.

WOODRUFF, Circuit Judge. I have heretofore decided (In re Coleman [Case No. 2,-979]; In re Place [Id. 11,201]) that, unless the appeal provided for in the eighth section of the bankrupt act, (14 Stat. 520,) be taken within ten days after the decree is entered, this court acquires no jurisdiction thereby.

I am satisfied, that the second section of the act of June 1st, 1872, (17 Stat. 196,) has not changed the law in that particular. I have, therefore, no discretion and no alternative. I am compelled to grant the motion to dismiss the appeal.